# Thomas Cook and W. H. Kennedy, Plffs. in Err., v. Commonwealth for Use of Jane C. Thornton.

In an action upon a guardian's bond, to recover the amount which the guardian had been directed to pay over, by a decree of the orphans' court on an accounting in which the guardian had ineffectually set up a release from the ward, the defendant sureties filed an affidavit of defense alleging that the ward had, as would appear from the records of the orphans' court, released the guardian; that afterwards an attachment had issued out of the orphans' court against the guardian, and having been arrested thereon he was set free by the ward; that the ward had failed to attempt to collect

NOTE.—For the release of the surety of a guardian, see note to Neel v. Com. 4 Sad. Rep. 95.

the amount in suit from the guardian; that such averments were to the best information and knowledge of the affiants, and that they expected to be able to prove them on the trial; and that the ward was of full age when the said releases were given. *Held*, that the affidavit was insufficient.

(Argued October 25, 1887.   Decided November 7, 1887.);

October Term, 1887, No. 30, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.   Error to the Common Pleas No. 1 of Allegheny County to reverse a rule on the defendants for judgment for want of an affidavit of defense. Affirmed.

Jane C. Thornton, the plaintiff below, had for her guardian Jacob Lonerbaugh, one of the defendants below, who was appointed January 7, 1880; and said guardian's sureties were Thomas Cook and W. H. Kennedy, the other defendants below. Jane. C. Thornton came of age in March, 1886, and cited her guardian to account, who filed an account on May 7, 1886, showing a balance due of $772.52.   On the audit of this account the guardian was surcharged with the sum of $86.58, making total sum due him $859.10.   On this he was allowed a credit, by cash paid, of $615, leaving a balance due his ward of $244.10, which sum said guardian was ordered to pay his ward in twenty days. On the audit of the guardian's account he endeavored to set up a release which he had obtained from his ward two months after she came of age by paying her the said sum of $615.   The orphans' court held, under the testimony, that the guardian should pay the full amount due, and deducted his commissions.

The sum mentioned in said decree not having been paid, this suit was commenced on the guardian's bond, to recover said sum of $244.10.   The plaintiff's affidavit of claim stated the fact of the said decree, the amount, that the guardian was insolvent and had not paid, that no appeal had been taken from the decree, and that the bondsmen were liable.

The defendants Cook and Kennedy filed the following affidavit of defense herein:

"Thomas Cook and W. H. Kennedy, two of the defendants in the above case, being by me duly sworn, said: that, as it appears by the inspection of the record at No. 206, June term, 1886, in the orphans' court of Allegheny county, the said Jane Thornton, by writing, under her hand and seal duly executed,

receipted in full for all the money coming to her from said Jacob Lonerbaugh, her guardian, and she thereby released her guardian in full of all the moneys coming to her; that afterwards a rule for an attachment was issued out of the orphans' court of Allegheny county, for Jacob Lonerbaugh, the guardian; and on his arrest the said Jacob Lonerbaugh was released by said Jane C. Thornton, and her counsel, from all liability on account of said decree; that said Jacob Lonerbaugh was released from custody and he was allowed to go free; that it was the duty of said Jane C. Thornton to make an attempt, at least, to collect the said amount from the said principal, Jacob Lonerbaugh; her failure so to do and as well her release to him of all his liability will of itself release the affiants. This to the best of the information and knowledge .of the affiants, and all of which they expect to be able to prove on the trial of this case. That at the time said Jane C. Thornton gave the said releases, she was of full age and fully competent to make said releases."

Thereupon the plaintiff moved for judgment, for want of a sufficient affidavit of defense, assigning the following reasons:

1. The affidavit of defense does not deny specially and at length any or all of the averments in the affidavit of claims.

2. The affidavit does not disclose a defense to plaintiff's action.

3. The affidavit of defense is evasive, gives no dates, is wholly indefinite and insufficient.

4. The release mentioned was obtained by said guardian from his ward, and was offered as a defense in the orphans' court on the audit of the guardian's account, but held by said orphans' court as worthless and obtained by fraud; and the decree of said court was made long after said release was signed and delivered, as the records of said court, at 206, June term, 1886, referred to by defendant, show, and as would have appeared had defendants set forth the dates in their affidavit of defense.

5. The defendants do not set forth the alleged release.

6. The defendants do not say they have paid plaintiff the amount claimed, or any part thereof; and payment is the only defense in this action.

7. The affidavit of defense is made on information and belief.

8. The affidavit of defense gives no legal cause or reason why plaintiff should not get her money, nor why she should not have judgment.

Thereupon a rule was entered against the defendants for judgment for want of a sufficient affidavit of defense, which was subsequently made absolute and judgment entered against the defendants Cook and Kennedy accordingly, by order of the court, and against the defendant Lonerbaugh by default. The defendants Cook and Kennedy then took this writ, assigning as error the action of the court: (1) In directing judgment to be entered against the defendants in default of a sufficient affidavit of defense; and (2) in making the rule absolute for judgment on the reasons filed.

*Robb & Fitzsimmons,* for plaintiffs in error.—The relation of principal and sureties is not extinguished, either as regards themselves or as regards creditors, by the rendition of a judgment; and therefore where a creditor having obtained separate judgments against the principal debtor gave time to the principal, it was held that the surety was discharged. Manufacturers' & M. Bank v. Bank of Pennsylvania, 7 Watts & S. 343, 42 Am. Dec. 240.

If a creditor, by a contract which can be enforced against him at law or in equity, gives time to his debtor, he discharges his surety. Clippinger v. Creps, 2 Watts, 45; Talmage v. Burlingame, 9 Pa. 21.

The relation of principal and surety is not changed by obtaining judgment on the original security, and an agreement after judgment to give time to the principal discharges the surety. Com. use of Bellas v. Vanderslice, 8 Serg. & R. 452; Reiner v. Rodgers, 2 W. N. C. 16.

If, under a judgment against the sheriff and his sureties, a levy made upon the goods of the sheriff is released by the plaintiff, the sureties are discharged *pro tanto.* Com. use of Bellas v. Haas, 16 Serg. & R. 252.

Where a creditor compromises with the principal debtor and releases the lien upon his property it is a discharge of the surety *pro tanto.* Wharton v. Duncan, 83 Pa. 40. See also Cathcart's Appeal, 13 Pa. 420.

The surety on the guardian's bond was discharged where the guardian, by an agreement with his successor, referred the accounts to referees, such a course not being in compliance with the condition of the bond to pay over the money according to the direction of the court. Com. v. Simonton, 1 Watts, 310.

The allegations in the affidavit of defense we submit came up to the well-settled rules laid down in the authorities last stated; and we submit that the court committed an error in directing judgment in favor of the plaintiff without allowing the said sureties the right to inquire into these facts before a court and jury.

It is a well-recognized rule of equity that where a creditor has the means of compelling payment from the principal debtor and by his own act gives it up, he thereby discharges the surety. . . . This rule is but the corollary of another, that a surety, on payment of the debt of his principal, is entitled to be substituted to all the liens and other securities which the creditor holds; if therefore substitution be rendered fruitless by any act of the creditor, a release *pro tanto* . . . necessarily results; and it is not material whether the creditor knows or does not know at the time of the release of the relations of principal and surety between the debtors; if he be ignorant of the relation he should act accordingly. Templeton v. Shakley, 107 Pa. 370; and Hutchinson v. Woodwell, 107 Pa. 509; Reed v. Garvin, 12 Serg. & R. 100; Everly v. Rice, 20 Pa. 297; Boschert v. Brown, 72 Pa. 372.

*W. D. Moore* and *F. C. McGirr,* for defendant in error.—A decree of the orphans' court, directing a guardian to pay his ward the balance adjudged to be due on the audit of the guardian's final account, is conclusive upon both the guardian and the sureties upon his official bond; and in an action of debt on the guardian's bond there can be no defense but payment. Com. v. Gracey, 96 Pa. 70.

Where the defense set up by the affidavit is payment, it must be stated with much particularity as to the time, amount, and manner of payment, and the persons to and by whom the same is alleged to have been made. Payment is a generic term, and one which the conscience of an affiant may invest with a broader significance than the law will recognize. It is "a matter of defense, as between debtor and creditor, which must be shown by positive acts." Endlich, Affidavits of Defense, § 399; Philadelphia & B. C. R. Co. v. Johnson, 54 Pa. 127; Snyder v. Powers, 37 Phila. Leg. Int. 387.

When an affidavit is made on information affiant must state that he has been informed and believes and expects to prove on

418 COOK *v.* COMMONWEALTH.

the trial, etc., or give the sources of his information and all particulars concerning same. First Nat. Bank v. Gregg, 79 Pa. 384; Endlich, Affidavits of Defense, §§ 342–344, 390.

PER CURIAM:

The affidavit of the defendants is so utterly wanting in any averment that could constitute a valid defense to the plaintiff's claim that the court below could not legally refuse judgment for want of a sufficient affidavit of defense.

Judgment affirmed.